UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Matthew Z.,[1]

Plaintiff,

v.

Commissioner Social Security Administration,

Defendant.

Case No. 1:25-cv-00741-CL

**OPINION AND ORDER**

**CLARKE,** United States Magistrate Judge.

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff Matthew Z. seeks judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying his application for Disability Insurance Benefits ("DIB"). ECF No. 1. The parties consent to the jurisdiction of a magistrate judge. ECF No. 3. For the reasons below, the Commissioner's decision is REVERSED, and this case is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and payment of benefits.

//

//

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

## BACKGROUND

The administrative law judge ("ALJ") determined Plaintiff was not disabled under the Social Security Act. Tr. 10-11.[2] The ALJ found Plaintiff had the following severe impairments: lumbar and cervical degenerative disc disease; hallux valgus; and polymyalgia rheumatica. Tr. 12. The ALJ also found that Plaintiff had the following non-severe medically determinable mental impairments: depressive disorder and posttraumatic stress disorder stemming from Plaintiff's military service. Tr. 13. Plaintiff testified his mental and physical impairments affected his sleep. Tr. 46, 50-51. Plaintiff's impairments have a significant impact on activities of daily living. He is in constant pain and "is unable to groom and perform daily ablutions by himself without assistance." Tr. 562. "During a flareup (2 days a week)" Plaintiff requires assistance using the restroom and his wife "help[s] him stand & wipe." Tr. 279.

Plaintiff's sleep is disrupted by discomfort and pain. His medications cause both restlessness at night and fatigue during the day. The use of Prednisone had a dramatic improvement on Plaintiff's symptoms, but his physicians required him to taper off the medication due to effects on his liver. Tr. 18-19, 985. On a typical day, Plaintiff lies down every two or three hours to relieve the pressure on his joints. Tr. 42-43, 46, 49, 52, 257, 263, 278-79, 285-86, 932. Because of the sleep disruption caused by his impairments, Plaintiff also naps most afternoons, often for about an hour. Tr. 279, 763, 780, 786.

The ALJ found that Plaintiff had the residual functional capacity to perform with some exceptions, light work as defined in 20 C.F.R. § 404.1567(b). Tr. 16. The ALJ found that Plaintiff could sit for six hours in an eight-hour day and could stand or walk in combination for

---

[2] The Court cites the Transcript of Social Security Administrative Record, ECF No. 6-1, as "Tr. [page number]."

no more than six hours in an eight hour day. Tr. 16. "Time off-task," according to the ALJ, "can be accommodated for by normal breaks." Tr. 16.

## LEGAL STANDARD

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017). The issue turns on the utility of further proceedings. *Garrison v. Colvin*, 759 F.3d 995, 1019, 1021 (9th Cir. 2014). Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed if: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; (2) the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) crediting the improperly rejected evidence as true would require the ALJ to find the claimant disabled on remand. *Id.* at 1020. Even when the credit-as-true standard is met, the court retains the "flexibility to remand for further proceedings when the record [evidence] as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021. The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010).

## DISCUSSION

The issue is whether, after crediting the discounted evidence as true, the Court should remand for further proceedings or remand for immediate calculation and payment of benefits.

The Commissioner stipulates to remand and does not dispute that the ALJ failed to provide a legally sufficient reason supported by substantial evidence to discount the symptom testimony of Plaintiff, the assessment of treating provider Cindy M. Guizar, DC, or the observations of Plaintiff's wife. Defs.' Br. at 3, ECF No. 13. The first prong of the credit-as-true test is therefore undisputed.

Regarding the second prong, the Commissioner argues that further administrative proceedings are necessary to determine whether Plaintiff's need to lie down frequently and nap often would preclude competitive employment. Plaintiff testified that he needed to lie down every two or three hours to relieve pressure on his spine and that his medications and mental impairments caused nighttime sleeplessness and daytime fatigue. This testimony was corroborated by his wife, who observed that Plaintiff struggles to sleep at night and takes a nap most afternoons. Plaintiff's treating provided, Dr. Guizar, also assessed that Plaintiff "needs to lie down every few hours to keep the pressure off his back," and she provided detailed notes on her examinations each week to support her assessment. Tr. 932-79.

The record contains substantial evidence of Plaintiff's difficulty sleeping, fatigue, and medical need to frequently lie down. Tr. 42-43, 46, 49, 52, 257, 263, 278-79, 285-86, 405-12, 418, 430, 453-54, 525-29, 562, 758, 642, 692, 786, 932, 935, 938, 941-42, 944-45, 955, 960, 963, 965, 967-68, 970, and 989. This evidence is consistent with reporting by two different treating sleep specialists who documented that Plaintiff naps "most afternoons," often "for about an hour." Tr. 763, 780. The record has been fully developed, and further administrative proceedings would serve no useful purpose, satisfying the second prong of the credit-as-true analysis.

Regarding the third prong—crediting the improperly rejected evidence as true and considering the administrative record as a whole—the ALJ would be required to find Plaintiff disabled on remand. The Vocational Expert ("VE") testified that an individual who (1) needs to take a five-minute break every hour; (2) needs to lie down more than 10 to 15 minutes every two hours; *or* (3) needs to lie down for one hour or more in an eight-hour day would be precluded from competitive employment. Tr. 59-61. The ALJ's finding that Plaintiff could be accommodated by normal work breaks or that he could lie down outside of work hours cannot be reconciled with the administrative record. Plaintiff's lying down limitations are work preclusive, and remand for further proceedings in this case is unnecessary. "[T]here is no 'serious doubt' that, based on 'the record as a whole,' [Plaintiff] is in fact disabled." *Revels v. Berryhill*, 874 F.3d 648, 669 (9th Cir. 2017).

**CONCLUSION**

The Commissioner's decision is REVERSED, and this case is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and payment of benefits.

DATED this 10 day of November, 2026.

MARK D. CLARKE
United States Magistrate Judge